# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| TIMOTHY E. PETERSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | CIV. A. NO. 17-0572-CG |
| ) | |
| vs. ) | CRIM. A. NO. 10-0183-CG-MU-1 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

This cause is before the Court on Petitioner Timothy E. Peterson's Motion Pursuant to 28 U.S.C.S. § 1651 "All Writs Act" (Doc. 32), which the Court has recharacterized as a § 2255 motion to vacate, set aside or correct sentence by a person in federal custody (Doc. 33), the United States's Motion to Dismiss (Doc. 43), and Petitioner's replies (Docs. 46 and 47). This action has been referred to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. Gen LR 72(a)(2)(R). After consideration of all relevant filings, it is recommended that the motion to dismiss filed by the United States be **GRANTED** and that Peterson's § 2255 motion be **DISMISSED** as time-barred pursuant to 28 U.S.C. § 2255(f).

## BACKGROUND

On October 19, 2010, Peterson pled guilty to Count II of an indictment charging the offense of receipt and distribution of child pornography in violation of Title 18, United States Code Section 2252A(a) and (b)(1). (Doc. 13). On February 14, 2011, Peterson was sentenced to a term of 210 months in prison.

(Doc. 23). On November 6, 2017, Peterson filed the subject motion pursuant to 28 U.S.C. § 1651 requesting that all charges against him be dismissed and seeking his immediate release from prison. (Doc. 32 at pp. 4, 9). Although Peterson's motion specifically states that he seeks relief pursuant to 28 U.S.C. § 1651 and "NOT A 2255 motion," (Doc. 32 at p. 1), the Court recharacterized his motion as a § 2255 motion and gave Peterson notice and an opportunity to withdraw or amend the motion. (Doc. 33). Peterson did neither, but still argues that his motion is one under § 1651 in his response to the motion to dismiss his petition. (Doc. 47). On March 6, 2018, this Court gave Petitioner the opportunity to explain why his petition is not time-barred. (Doc. 45). Peterson filed his response to that order on March 19, 2018. (Doc. 46). This matter is now ripe for determination.

## **CONCLUSIONS OF LAW**

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted on April 24, 1996 and, pertinent to this case, added a new subdivision to 28 U.S.C. § 2255 providing for a one-year period of limitations within which federal prisoners must file their motions to vacate pursuant to 28 U.S.C. § 2255. *Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir.), *cert. denied,* 531 U.S. 971 (2000). Section 2255(f) provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the

United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In this case, Peterson did not file a direct appeal (*see* Docket Sheet) and, therefore, his conviction and sentence became final fourteen (14) days after this Court entered the judgment on February 17, 2011, that is, on March 3, 2011, the date on which the time for filing a notice of appeal expired. *Akins*, 204 F.3d at 1089, n.1 (noting that when a defendant does not pursue a direct appeal, the conviction becomes final when the time expires for filing a direct appeal). Thus, Peterson's one-year limitations period for filing his § 2255 motion began running on March 3, 2011 and expired on March 3, 2012.[1] Because he did not file his motion to vacate his sentence until November 6, 2017, more than five years after the expiration of the limitations period, his motion is clearly time-barred.

In addition to arguing that his motion is one under § 1651, not § 2255, which issue has already been determined by the Court, Peterson argues that AEDPA's limitations period is unconstitutional because it violates the Suspension Clause, U.S. Const. art. I,

---

[1] "*Pro se* litigants are deemed to know of the one-year statute of limitations for filing § 2255 motions." *Lucas v. United States,* 522 F. App'x 556, 558 (11th Cir. 2013)(citing *Outler v. United States,* 485 F.3d 1273, 1283 n.4 (11th Cir. 2007).

§ 9, cl. 2, which states that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." (Doc. 47). Peterson's argument, however, is without merit because it is well-established that the limitations period set forth in § 2255 does not violate the Suspension Clause and is constitutional. *See Tinker v. Moore*, 255 F.3d 1331, 1334 (11th Cir. 2001); *Wyzykowski v. Dep't of Corr.,* 226 F.3d 1213, 1217 (11th Cir. 2000), *cert. denied*, 534 U.S. 1144 (2002). Petitioner has not argued or offered evidence that any of the savings provisions contained in §2255(f)(2), (3), or (4) apply here or that he is actually innocent.

Based on the foregoing, the undersigned recommends that the motion to dismiss filed by the United States be **GRANTED** and that Peterson's § 2255 motion be **DISMISSED** as time-barred pursuant to 28 U.S.C. § 2255(f).

## **CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). The instant habeas petition is being denied partially on procedural grounds, such that "a COA should issue [only] when the prisoner shows . . .

4

that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling[,]" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000),and partially on the failure of Peterson's claim of unconstitutionality of the limitations period set forth in § 2255, such that a COA should issue only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong[,]" *Slack,* 529 U.S. at 483–484 ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"). *See also Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). Given the applicability of the one-year limitations period in this case, a reasonable jurist could not conclude that this Court is in error for summarily dismissing Peterson's motion to vacate, nor could a reasonable jurist conclude that Peterson should be allowed to proceed further with respect to his constitutional claim. *Slack,* 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the

district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, Peterson is not entitled to a certificate of appealability.

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *Brightwell v. Patterson,* CA 11-00165-WS-C, Doc. 14 (order from Eleventh Circuit denying petitioner a certificate of appealability in a case in which this exact procedure was outlined in the report and recommendation); *see also Castrejon v. United States,* 2011 WL 3241817, *20 (S.D. Ala. Jun. 28, 2011) (providing for the same procedure), *report and recommendation adopted,* 2011 WL 3241580 (S.D. Ala. Jul. 29, 2011); *Griffin v. DeRosa*, 2010 WL 3943702, at *4 (N.D. Fla. Sept. 20, 2010) (providing for same procedure), *report and recommendation adopted sub nom. Griffin v. Butterworth,* 2010 WL 3943699 (N.D. Fla. Oct. 5, 2010).

## **CONCLUSION**

The undersigned Magistrate Judge **RECOMMENDS** that the motion to dismiss filed by the United States (Doc. 43) be **GRANTED** and that Peterson's motion (Doc. 32), which has been recharacterized by the Court as a § 2255 motion, be **DISMISSED** as time-barred pursuant to 28 U.S.C. § 2255(f). Peterson is not entitled to a cetificate of appealability and, therefore, he is not entitled to appeal *in forma pauperis*.

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it

must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. L.R. 72.4. The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

      **DONE** this the **5th** day of **April, 2018**.

                                  s/P. BRADLEY MURRAY
                              **UNITED STATES MAGISTRATE JUDGE**